UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STATE   FARM   MUTUAL   AUTOMOBILE
INSURANCE COMPANY,

                    Plaintiff,

vs.                              Case No.  2:09-cv-812-FtM-29SPC

DIANNE SCHUE,

                    Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Plaintiff State Farm
Mutual Automobile Insurance Company's Dispositive Motion for
Summary Judgment (Doc. #17) filed on November 19, 2010.  Defendant
Dianne Schue filed a Response (Doc. #19) on December 7, 2010.
After a review of the file, this Court issued an Order (Doc. #27)
on June 15, 2011, asking the defendant to advise the Court the
status of the pending state action and the plaintiff to address
whether this Court should abstain.  Defendant filed her Notice of
Status of Pending State Court Case (Doc. #28) on June 29, 2011.
Plaintiff filed its Response to Order (Doc. #30) on July 13, 2011.
For the reasons set forth below, the Court will exercise its
discretion and abstain from this action.

**I.**

This case concerns the amount of insurance coverage provided following an accident with an uninsured motorist.  Plaintiff State Farm Mutual Automobile Insurance Company (plaintiff or State Farm) insured Defendant Diane Schue with 3 different policies (policy number 157 5826-F12-11G, policy number 35 4402-E23-11C, and policy number 231 6287-A17-11), all issued in Georgia, all covering Dianne Schueu and her husband, Mark Schue.  (Doc. #17-1, p. 30.)

The following facts are undisputed by the parties:  On or about January 15, 2006, Daniel B. Vanderport, Dianne Schue's father, was driving a 2003 Toyota Camry owned by him and his wife, Inez J. Vanderport (together the Vanderports or decedents).  Inez Vanderport, Dianne Schue, and Mark Schue were passengers in the 2003 Toyota Camry.  A vehicle operated by Manuel Pena and owned by Nicolle Meirin, collided with the 2003 Toyota Camry.  Both the Vanderports died as a result of their injuries from the accident.  (Doc. #17, pp. 1-2.)

At the time the accident occurred, the Georgia uninsured motorist statute, O.C.G.A. § 33-7-11(a)(1), required that the insurer provide coverage for all sums which the insured is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle.  According to State Farm, "[s]aid policies provided uninsured/underinsured motorist coverage in the amount of $100,000 per person/$300,000 per occurrence, for total coverages in

the amounts of $300,000 per person/$900,000 per occurrence . . . On December 5, 200, Diane Schue received the per person limits of the subject policy - $300,000 ($100,000 stacked x 3 vehicles).  On December 5, 2006, Mark Schue received the per person limits of the subject policy ($100,000 stacked x 3 vehicles)."  (Doc. #17-1, p. 31.)  This coverage did not explicitly include benefits to compensate Dianne Schue for the loss of her parents.

On or about December 23, 2007, Greg Tinker (Tinker), as Personal Representative of the estates of the Vanderports, and on behalf of Diane Schue (Schue) their survivor, sued the State of Florida Department of Transportation and State Farm, case number 07-5378-CA, in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County Florida (the State Court Action)[1].  (Id. at pp. 1-10.)  The State Court Action complaint alleges that Dianne Schue is entitled to be compensated for the deaths of the Vanderports from the Policy pursuant to uninsured/underinsured motorist coverage under the Georgia uninsured motorist statute. (Id.)

On or about April 20, 2009, State Farm moved for summary judgment in the State Court Action, arguing that the Georgia

---

[1] The Court takes judicial notice of the State Court Action. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.")

uninsured motorist statute only applied to the insured persons under the policy, and since the Vanderports were not named insureds, the policy does not allow coverage for the death of the Vanderports. (Doc. #19-1, p. 4.) By an August 25, 2009 Order, the Circuit Court of the Twentieth Judicial Circuit Court denied State Farm's summary judgment motion. (Doc. #19-4.)

On or about November 20, 2009, Tinker moved for summary judgment arguing that Schue was legally entitled to recover damages for the loss of her parents. (Doc. 19-5, p. 3.)

On or about December 16, 2009, State Farm filed a Complaint for Declaratory Relief (Doc. #1) in federal court pursuant to Chapter 86 of the Florida Statutes based upon diversity jurisdiction. (Id. at ¶1.) State Farm requests this Court to hold that the per-person limits under the Policy have been exhausted and no further benefits remain for Schue. (Id. at ¶13.)

In a March 19, 2010 Order, Circuit Judge Hugh D. Hayes, held that Tinker's "Motion for Summary Judgment on the issue of coverage against Defendant, [State Farm] is granted to the extent that there would be coverage under the subject State Farm policy for Mrs. Schue for the death of her parents. . . . However, the issue of whether the policy limits under the subject State Farm policy have been exhausted remains, and it is to be decided by subsequent motion and hearing if there is available UM coverage as sought by Plaintiffs." (Doc. #19-6, p. 2.)

On or about November 10, 2010, State Farm filed a motion for summary judgment in the federal case.  (Doc. #17.)  In response, Schue argues that this Court should exercise its discretion and abstain from State Farm's request for declaratory judgment, but if the Court does decide the case, the per-person limits do not apply. (Doc. #19, p. 5.)  In its Response To Order (Doc. #30), State Farm argues that based on the factors described in Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005) this Court should not abstain.

## II.

In deciding whether to abstain from a suit seeking a declaratory judgment, the Court applies the discretionary standard set forth in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942). Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995).  Thus, a federal court has the competence to make a declaration of rights, but does not have the duty to do so.  Brillhart, 316 U.S. at 494. The Eleventh Circuit has provided guidelines for the exercise of this discretion in Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005).[2]  The Court in Ameritas noted, however,

---

[2]The factors, which are "merely guideposts," are:  (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for
(continued...)

that "in cases such as this, the Supreme Court has expressed that 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" Ameritas, 411 F.3d at 1330 (citing Brillhart, 316 U.S. at 495). "District courts have 'substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings.'" Great Lakes Reinsurance (UK) PLC v. TLU Ltd., 298 F. App'x 813, 815 (11th Cir. 2008)(quoting Wilton, 515 U.S. at 289-90).

After considering the Ameritas factors, the Court finds that it should exercise its discretion and abstain from exercising jurisdiction in this case. The case is governed by Georgia law, with which a federal district court in Florida has no particular familiarity or expertise. Florida has an interest in deciding the case, since the accident in question occurred in the State of

---

[2](...continued)
res judicata or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Ameritas, 411 F.3d at 1331.

Florida. The State Court Action includes all parties to the dispute, including the personal representative of the decedents' estate, unlike the declaratory judgment action before the federal court. The federal declaratory action appears to have been used as merely "procedural fencing," having been filed after State Farm received an unfavorable ruling in the State Court Action and before the state court could resolve a pending summary judgment motion on essentially the same issue. The case has been proceeding in state court for three years, and the State Court has far greater familiarity with the insurance contract at issue based upon its work on the case to date. Additionally, a ruling in this declaratory action may result in inconsistent rulings from those made by a court of competent jurisdiction. Further, there is no federal common or statutory law at play, only state law and public policy issues govern. A decision in this declaratory judgment action would simply serve to improperly interfere with the State Court Action.

Accordingly, it is now

**ORDERED:**

1. The Court, in the exercise of its discretion, will abstain from the exercise of jurisdiction in this case, and **DISMISS** the case without prejudice. The Clerk shall enter judgment accordingly.

    2.   The Clerk shall close this case and terminate any pending motions as moot.   The pending Final Pretrial Conference is **cancelled.**

    **DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of August, 2011.


                                             JOHN E. STEELE
                                           United States District Judge


Copies:
Counsel of record